No. 6698.

STATE EX REL. JOHN LARRIEUX VS. THE JUDGE OF THE FIFTH COURT OF N. O.

The writ of prohibition will not be granted forbidding an inferior judge to proceed in the matter before him, pending his decision upon the application of the relator to him to dismiss such proceeding. When an imperative law has forbidden the inferior judge from taking jurisdiction of the matter, this court will assume that he intends to conform his action to its mandate, and has been prevented only by the provisional writ which the relator had invoked.

FOR a Prohibition.

*Washington* for Relator. *Mott* for Respondent.

In June, 1877, the Crescent City Live Stock Landing and Slaughter House Company applied to the Third Court for an injunction to restrain John Larrieux from yarding, stabling, and slaughtering any animals destined for human food anywhere within the parishes of Orleans, St. Bernard, and Jefferson, except in its buildings and at its abattoir on its premises, and the court refused it. The company

State ex rel. Larrieux *vs.* The Judge of the Fifth Court of N. O.

appealed from the refusal, and that appeal is pending. On July 9th, six days after this refusal by the judge of the Third Court, the company applied to the judge of the Fifth Court for a similar injunction against the same party, and it was granted.

Larrieux immediately appeared in the Fifth Court, and moved to rescind the order granting the injunction on the ground that the Legislature had commanded, whenever a suit had been instituted in one of the courts of New Orleans, the parties should be confined to that court for its trial, and for all matters incident thereto ; and specially forbidding the judge of any other of the city courts from granting injunctions or other writs to interfere with the exclusive jurisdiction of the court first seized of it; and also commanding any judge who had granted such writs, wilfully, or in ignorance of the proceedings in the other court, to revoke and rescind them. Act No. 86, of 1870.

This motion was tried and taken under advisement. While the judge was deliberating, Larrieux applied to the Supreme Court for a writ of prohibition forbidding the judge below from taking any further action in the matter.

DE BLANC, J. The application is premature. According to High, " The common-law rule is believed to be generally applicable in this country, and the writ will not go to a subordinate tribunal on a cause arising out of its jurisdiction until the want of jurisdiction has first been pleaded in the court below, and the plea refused; and where there has been no effort made to obtain relief in the court which it is sought to prohibit, the Superior Court will refuse to exercise their jurisdiction by this extraordinary remedy. For example, where an injunction has been obtained in direct violation of statute, and without any jurisdiction on the part of the court, prohibition will not be granted to prevent the court from proceeding with the injunction suit, when no application has been made to dissolve the injunction. High, Extraordinary Legal Remedies, p. 558, 9, No. 773.

There is no doubt that but one tribunal, the Third District Court, of this city, could legally have entertained prohibition of the controversy pending between Larrieux and the company, and that said controversy has passed from the lower to the appellate court. Were it not that decision has been suspended by the provisional writ of prohibition, the judge of the Third District Court would have, we presume, already complied with the imperative mandate of an impera-

tive law, and sustained the plea to his jurisdiction. Be this as ·it may, until now the parties alone, plaintiff and defendant, have proceeded in this cause, the first in asking the injunction, the other in asking the dissolution of the injunction. The judge has not yet acted, and until he does and evinces a determination to encroach upon and usurp the jurisdiction of the other tribunal, there shall be no cause to interpose our authority.

*The writ is, therefore, discharged at relator's cost.*